# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| MARY S. BELL, ET AL | * | CIVIL ACTION NO. 13-0639 |
| VS. | * | JUDGE DOHERTY |
| BELL FAMILY TRUST | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Bankruptcy Appeal filed by *pro se* plaintiff, Mary S. Bell ("Bell"). Also pending are Bell's "Ex Parte Motion to File Under Seal Confidential Documents" [rec. doc. 7 (sealed)]; the "Amended Appeal Motion and Memorandum De Nova [sic] Review – Jurisdicitonal [sic] Challenge Rule 60(b)(4) Determination of Legal Certainty of Law to Set Aside Voluntary Bankruptcy and Associated Cases and to Vacate All Void Judgments for Lack of Jurisdiction and Order All Entities and Parties Returned to Their Respective Financial States as Prior to the Bankruptcy Petition Filing"[rec. doc. 18]; the "Motion Requesting Western District Court of Louisiana Lafayette Division for Assistance in Filing a Complaint to Effect an Investigation into this Case" [rec. doc. 6]; the "Amended Appeal Motion and Memorandum on Behalf of Mary Sue Bell, et al Recusal of Bankruptcy Jurisdiction Recusal of Judge Robert Summerhays De Novo Review Bias – Abuse

of Discretion – Clear Error" [rec. doc. 17]; and "Motion and Memorandum Limine [sic] Attorneys from Proffering Inconsistent Pleadings vs Certainty of Law That Would Question Attorneys' Truthfulness Parties Who Are Non Respondents During this Appeal" [rec. doc. 9].[1]

For the following reasons, the undersigned recommends that this appeal be **DENIED**, and that Bell be ordered to file no more frivolous, burdensome, and vexatious pleadings with this Court.

## Background

Bell filed an appeal on March 27, 2013, from the decision of United States Bankruptcy Judge Robert Summerhays dated February 21, 2013, in which he denied her *Ex Parte* Motion to Reopen the bankruptcy case entitled *In re: The Bell Family Trust*, Docket No. 02-50477, filed in the Lafayette-Opelousas Division (the "bankruptcy case").  In the bankruptcy case, The Bell Family Trust ("the Trust") filed for relief under Chapter 7 of the Bankruptcy Code on May 8, 2002, with Bell signing the petition as the trustee of the Trust.  In an order and memorandum opinion dated June 20, 2002, the Bankruptcy Court concluded that the Bell Family Trust was a "business trust" and, therefore, an eligible debtor for purposes of the bankruptcy.  Bell never appealed this order.

---

[1]By Order dated April 24, 2013, Judge Doherty denied Rec. doc. 9 as premature. [rec. doc. 15].

The Bankruptcy Court also entered a judgment on August 1, 2005, against Bell in a related adversary proceeding, finding, *inter alia*, that Bell had breached her fiduciary duties to the beneficiaries of the trust.  Bell had previously filed a motion pursuant to Fed. R. Civ. P. 60  that did not raise those issues.  The Bankruptcy Court denied that motion.

After the estate was administered over an extended period of time, a final decree was entered on February 14, 2012.  Subsequently, Bell sought to reopen the bankruptcy case to file a motion under Fed. R. Civ. P. 60 to vacate all of the orders and judgments entered by the prior presiding judge, and to have the case dismissed for lack of subject matter jurisdiction, on the grounds that the debtor was allegedly a "spendthrift trust, not a business trust" eligible to file for relief under Chapter 7. Bell further sought to recuse Judge Summerhays from the case, alleging the fact that she had filed a complaint of judicial misconduct against him affected his ability to remain neutral in the case.[2]

In a Memorandum Ruling dated February 21, 2013, Judge Summerhays denied Bell's motion to reopen and motion to recuse. Bell appealed the Ruling to this Court.

---

[2]Bell also filed complaints of judicial misconduct against the former presiding bankruptcy judge and Judge Hanna of this Court.  Bell's complaints of judicial misconduct were dismissed by the United States Court of Appeals for the Fifth Circuit.

Bell's copious pleadings in this matter boil down to two primary arguments:

1.      The Bankruptcy Court erred when it denied her motion to reopen; and

2.      Judge Summerhays erred when he declined to recuse himself from the case.

## Law and Analysis

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*.  *In re SI Restructuring Inc.*, 714 F.3d 860 (5th Cir. 2013);  *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009).

### *1.    Motion to Reopen*

In his reasons for denying the motion to reopen, the Bankruptcy Court found that the its June 2002 ruling that the debtor was a business trust was dispositive of Bell's new argument that it was, in fact, a spendthrift trust.  The Bankruptcy Court noted that Bell herself was the trustee who signed the petition stating that the trust was a business trust.  The Bankruptcy Court further noted that in order to prevail, Bell would have had to obtain relief pursuant to Fed. R. Civ. P. 60(b)(4) vacating the court's ruling on the nature of the trust.  The Bankruptcy Court concluded that Bell was not entitled to relief under Rule 60(b)(4) and, hence, was not entitled to an order reopening the case for at least two reasons: (1) this was not an exceptional case in which the court that rendered judgment lacked

even an arguable basis for jurisdiction to justify relief under Rule 60(b)(4); and (2) estoppel applied to bar Bell's argument.

Bell appeals the denial of the motion to reopen the bankruptcy case.  A motion to reopen a bankruptcy case is filed pursuant to 11 U.S.C. § 350(b) and Bankr.R. 5010 and 9024.  11 U.S.C. § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Bankr.R. 9024 provides, in short, that Fed.R.Civ.P. 60 "applies in cases under the Code." *In re Johnston*, 129 F.3d 609 (5th Cir. 1997). Rule 60(b)(4) provides that a motion may be filed to reopen a case on the grounds that the judgment is void.

Rule 60(b)(4) is not a substitute for a timely appeal.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010).  Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. *Id*.

As to the first prong of that analysis, federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that

5

rendering judgment lacked even an "arguable basis" for jurisdiction.  *Id*. (*quoting Nemaizer v. Baker*, 793 F.2d 58, 65 (2nd Cir. 1986); *U.S. v. Boch Oldsmobile*, 909 F.2d 657, 661–662 (5th Cir. 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and. . . only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

As to the notice requirements, due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1378 (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed 865 (1950)).

Here, the undersigned finds that Judge Summerhays' Ruling dated February 21, 2013 is not clearly void, and that Bell had notice as well as more than ample opportunity to be heard.

In evaluating Bell's entitlement to relief under Rule 60(b)(4), Judge Summerhays found that found that the Bankruptcy Court's June 2002 ruling that the debtor was a business trust was dispositive of Bell's new argument that it was, in fact, a spendthrift trust.  That ruling was not appealed and, therefore, became final.

The Bankruptcy Court also entered a judgment on August 1, 2005, against Bell in a related adversary proceeding, finding, *inter alia*, that Bell had breached her fiduciary duties to the beneficiaries of the trust.  Bell filed a motion pursuant to Fed.R.Civ.P. 60  that did not raise those issues.  The Bankruptcy Court denied that motion.

Bell appealed the Bankruptcy Court's ruling entered on August 1, 2005, to this Court.  *In re: Bell Family Trust*, Docket No. 05-2008.  Judge Haik affirmed the Bankruptcy Court's ruling by Judgment entered on June 22, 2006.  Bell appealed that Judgment to the Fifth Circuit.  By Judgment issued as mandate on October 11, 2007, the Fifth Circuit affirmed the district court's judgment as modified.  *In re Bell Family Trust*, 251 F. App'x 864 (5th Cir. 2007).

On November 30, 2009, even though the automatic bankruptcy stay was in place, Bell filed a 219-page complaint with exhibits in this Court against the bankruptcy trustee and the law firm and attorneys representing the Trust alleging RICO violations.  Docket No. 09-1980.  On the same date, she filed another 155-page complaint with exhibits alleging RICO violations against these same defendants.  Docket No. 09-1984.  In addition, she filed a 239-page complaint with exhibits alleging "libel, slander, defamation, fraud, tort crimes" against the same law firm and attorneys, as well as six individual defendants.  Docket No.  09-

7

1985.  Following a hearing before Magistrate Judge Hanna, all of these complaints were voluntarily dismissed by Bell on February 5, 2010.

On February 14, 2012, a final decree was entered by the Bankruptcy Court. Subsequently, Bell filed the motion to reopen which is the subject of the appeal currently pending in this Court.

Despite the numerous opportunities described above, Bell failed to appeal the Bankruptcy Court's initial June 2002 ruling that the debtor was a business trust until she filed the motion to reopen.   This is not an exceptional case in which the Bankruptcy Court lacked an arguable basis for jurisdiction. *Espinosa*, 130 S.Ct. at 1377.  The undersigned finds no error in the Bankruptcy Court's ruling.

**2.**      ***Motion to Recuse Judge Summerhays***

In the Bankruptcy Court, Bell filed a motion to recuse Judge Summerhays on the grounds that she had filed a judicial complaint against him.  Bell's complaint of judicial misconduct against Judge Summerhays (as well as her complaints against the prior bankruptcy judge and Judge Hanna, to whom her last set of cases in this Court was assigned) was dismissed by the United States Court of Appeals for the Fifth Circuit.

A motion for recusal is committed to the sound discretion of the trial judge, and the denial of such a motion will not be reversed on appeal unless the judge has

8

abused his discretion. *See United States v. Harrelson,* 754 F.2d 1153, 1165 (5th Cir.), *cert. denied,* 474 U.S. 1034, 106 S.Ct. 599, 88 L.Ed.2d 578 (1985).  Under either 28 U.S.C. § 144 or § 455, the alleged bias or prejudice must be personal and must stem from an extrajudicial source which would result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *See United States v. Reeves,* 782 F.2d 1323, 1325 (5th Cir. 1986).

The Bankruptcy Court denied the motion to recuse Judge Summerhays, finding recusal was not warranted under 28 U.S.C. §455.  The Bankruptcy Court noted that the mere filing of a complaint of judicial misconduct is not grounds for recusal and further noted that the complaint filed in this case was based primarily on the Bankruptcy Court's substantive rulings, and did not derive from an extra-judicial source.  *See United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *United States v. MMR Corp.,* 954 F.2d 1040, 1044–47 (5th Cir.1992); *United States v. Merkt,* 794 F.2d 950, 960 (5th Cir. 1986).

The undersigned finds no abuse of discretion in the Bankruptcy Court's ruling on the issue of recusal.

Accordingly, the undersigned finds that the instant appeal has no merit and recommends that this appeal be **DENIED**.

### 3.    *Frivolous, Burdensome, and Vexatious Pleadings*

An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit.  *Coghlan v. Starkey*, 852 F.2d 806, 810 (5th Cir. 1988).  An appeal is also frivolous when taken "in the face of clear, unambiguous, dispositive holdings of this and other appellate courts."  *Capps v. Eggers*, 782 F.2d 1341, 1343 (5th Cir.1986); *see also McDougal v. Comm'r*, 818 F.2d 453, 455 (5th Cir.1987) ("[Appellant's claims] were advanced in the teeth of firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification.").

Several factors may be considered when making this determination since "there is no formula for determining whether an appeal is frivolous." *In re Maloni*, 282 B.R. at 734.  Some of these factors are: bad faith on the part of the appellant; that the argument presented on appeal is meritless *in toto*; and, whether only part of the argument is frivolous.  *Id.*  In addition, the court will consider whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record.  *Id.*  Generally, "sanctions will be imposed regardless of the motive of the appellant because the rule seeks to compensate an appellee

10

who has had to waste time defending a meritless appeal." *Id*.

The undersigned finds that this appeal is not only without merit, but is also frivolous.  At the hearing held on February 2, 2010, in Docket Nos. 09-1980, 09-1984 and 09-1985, Judge Hanna cautioned Bell that she could be subject to sanctions pursuant to Fed.R.Civ.P. Rule 11 for filing frivolous pleadings.  Despite this warning, Bell has continued to file frivolous, burdensome, and vexatious pleadings with this Court.

The fact that filings are *pro se* "offers a plaintiff no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Id*.  *See also Stelly v. C.I.R.*, 761 F.2d 1113, 1116 (5th Cir. 1985) ("[w]here *pro se* litigants are warned that their claims are frivolous  . . . .  and where they are aware of the ample legal authority holding squarely against them, then sanctions are appropriate.").

Here, Bell has filed at least four other actions in this Court which were found to be groundless.  Now, Bell has appealed an issue decided by the Bankruptcy Court in 2002, which she clearly could have brought in one of these previous filings.  Additionally, it was Bell, herself who filed and signed the pleadings asserting that the trust at issue was a business trust.  In this appeal, she takes a position entirely contrary to he own original assertions.

In its most recent ruling, the Bankruptcy Court found that the its June 2002 ruling that the debtor was a business trust was dispositive of Bell's new argument that it was in fact a spendthrift trust.  Thus, this appeal was taken in the face of the clear, unambiguous, dispositive holding of the Bankruptcy Court and is patently frivolous.  *Capps*, 782 F.2d at 1343.  *See also Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi, Tex.*, 858 F.2d 973, 974 (5th Cir. 1988).

The undersigned spent a significant amount of time parsing through the morass of Bell's voluminous, rambling, and unintelligible pleadings, which proved to be a substantial waste of time and resources.[3]  They contain a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish."  *Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984).  As succinctly stated by the late Judge Alvin B. Rubin: "[t[he ability to fill more than 36 pages with no more than legal spun sugar does not make an argument substantial."  *Burke v. Miller*, 639 F.2d 30 (5th Cir. 1981).

---

[3]In the current proceeding, Bell has filed a 56-page appeal, along with the following pleadings: "Ex Parte Motion to File Under Seal Confidential Documents" (seven pages) [rec. doc. 7 (sealed)]; "Amended Appeal Motion and Memorandum De Nova [sic] Review – Jurisdicitonal [sic] Challenge Rule 60(b)(4) Determination of Legal Certainty of Law to Set Aside Voluntary Bankruptcy and Associated Cases and to Vacate All Void Judgments for Lack of Jurisdiction and Order All Entities and Parties Returned to Their Respective Financial States as Prior to the Bankruptcy Petition Filing" (49 pages) [rec. doc. 18]; "Motion Requesting Western District Court of Louisiana Lafayette Division for Assistance in Filing a Complaint to Effect an Investigation into this Case" (10 pages) [rec. doc. 6]; "Amended Appeal Motion and Memorandum on Behalf of Mary Sue Bell, et al. Recusal of Bunkruptcy Jurisdiction Recusal of Judge Robert Summerhays De Novo Review Bias – Abuse of Discretion – Clear Error" (47 pages) [rec. doc. 17], and "Motion and Memorandum Limine Attorneys from Proffering Inconsistent Pleadings vs Certainty of Law That Would Question Attorneys' Truthfulness Parties Who Are Non Respondents During this Appeal" (10 pages) [rec. doc. 9].

Frivolous appeals unjustly burden the resources of the Court.  *Stelly v. C.I.R.*, 761 F.2d 1113, 1116 (5th Cir. 1985); *Atwood v. Union Carbide Corp.*, 847 F.2d 278, 281 (5th Cir. 1988) (meritless claims impose "an unnecessary burden on this court" (*quoting Hagerty v. Succession of Clement*, 749 F.2d 217, 222 (5th Cir. 1984)).   The devotion of limited resources and time to meritless cases causes deserving litigants to wait.  *Stelly*, 761 F.2d. at 1113.  In addition, the opposing party is delayed in receiving the just benefits of the trial court's judgment until the appeal is concluded.   *Id*.  The Court is "not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority."  *Crain*, 737 F.2d at 1418.

Had an attorney filed this appeal, the undersigned would recommend the attorney be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.  However, because in this instance Bell's appeal was timely filed and within the jurisdiction of the Court, and giving Bell the benefit of the doubt as a *pro se* plaintiff, the undersigned will not recommend sanctions.

Nevertheless, Bell has had multiple bites at the apple, none of which proved fruitful, and her latest attempt likewise lacks merit.  In light of the copious, frivolous, burdensome, and vexatious pleadings Bell has filed with this Court, the

13

undersigned recommends the Court instruct Bell to refrain from instituting any further actions against the Defendant herein or its counsel or the bankruptcy judges based on any matters set forth in her Appeal at bar lest she be ordered to appear and show cause why she should not be held in contempt of court.

In view of her past conduct and in view of her filings in this case, it is further recommended that the Clerk accept no future pleadings from Bell until Bell obtains leave of Court to do so.  *See Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986); *McDougal v. C.I.R.*, 818 F.2d 453, 455 (5th Cir. 1987); and *Stelly v. C.I.R.*, (*Stelly IV*), 808 F.2d 442 (5th Cir. 1987).

In light of the undersigned's recommendation to deny this appeal, all outstanding motions filed by Bell are **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

14

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed September 16, 2013, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  9/16/2013
By:  MBD

15